# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHASE E. MASTERS,

    Plaintiff,

v.                                                 Case No. 8:14-cv-69-T-30TBM

DEVON T. SHARKELY, et al.,

    Defendants.
_____/

## ORDER

THIS matter is before the Court for consideration of Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Dkt. 1), and Motion to Proceed *In Forma Pauperis* (Dkt. 2). Having undertaken the screening of Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court concludes, for reasons discussed below, that the complaint should be dismissed prior to service of process.

Plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. Section 1915(e)(2) provides, in pertinent part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The case must be dismissed because it fails to state a claim on which relief may be granted.

## ANALYSIS

Plaintiff names four assistant public defenders, two court-appointed attorneys, three state court judges, and one court-appointed psychologist as Defendants. Plaintiff appears to take issue with some of the Defendants' actions during state criminal proceedings against Plaintiff. Specifically, Plaintiff takes issue with: 1) Defendant Fagan arranging a "sua sponte" hearing at which she "directed a visiting judge to unlawfully solicit testimony related to a felony criminal charge. . .;" 2) Defendant Rushing finding Plaintiff "legally insane;"[1] 3) the Public Defender's Office conspiring with a health care provider to provide "incompetency case management services;" 4) Defendant Merritt involuntarily committing Plaintiff to the Hernando County Detention Center; 5) Defendant Totti, Jr.'s, refusal to rule on Plaintiff's Rule 3.850 post conviction motion; and 6) the Public Defender's Office's failure to withdraw from representing Plaintiff due to a conflict of interest.

As relief, Plaintiff seeks declaratory and injunctive relief: 1) "prohibiting the Fifth Judicial Circuit Court to hear any cases of Petitioner before it related to charges;" 2) directing the state court to rule on Plaintiff's Rule 3.850 motion; 3) relieving the Public Defender's Office from representation of Plaintiff and appointing conflict-free counsel; and 4) appointing a "Federal Monitor" to oversee the operations of the Hernando County Courthouse.

---

[1] It appears from a reading of the complaint that Plaintiff was found to be incompetent to stand trial.

The complaint will be dismissed because the *Younger* abstention doctrine precludes this Court from interfering with the ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

The complaint does not allege sufficient facts showing bad faith prosecution, irreparable injury if abstention is exercised, or the absence of an adequate alternative state forum where the issues can be raised.[2] Consequently, this Court declines to interfere in the ongoing state criminal proceedings. *See Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court.").[3]

ACCORDINGLY, the Court **ORDERS** that:

---

[2] For instance, Plaintiff may seek a writ of mandamus from the appropriate Florida state appellate court compelling the lower tribunal to enter an order on the pending Rule 3.850 motion, see Rule 9.100, Fla. R. App. P., and he will have the opportunity to raise his challenges in his appeal to the appropriate Florida state appellate court if he receives an unfavorable ruling on his Rule 3.850 motion, see Rule 9.141, Fla. R. App. P.

[3] Plaintiff's request for a "Federal Monitor" to oversee the state criminal proceedings and the Hernando County Courthouse is likewise dismissed because it "would indirectly accomplish the kind of interference that *Younger v. Harris*. . . and related cases sought to prevent." *See O'Shea v. Littleton*, 414 U.S. 488, 500 (1974). *See also Pompey v. Broward County*, 95 F.3d 1543, 1555 (11th Cir. 1996) (Barkett, J., concurring) ("[G]eneral equitable principles recognized in *Younger*. . .apply where a federal court is called upon to monitor the future actions of a state court.") (citing *O'Shea*, 414 U.S. at 500).

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. §1915 for failure to state a claim on which relief may be granted.

2. The Clerk of the Court is directed to enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 4, 2014.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*